FILED
U.S. DISTRICT COURT

2007 MAY 10 P 3: 53

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

Jeffrey D. Eisenberg (4029)
Steve Russell (2831)
**EISENBERG, GILCHRIST & MORTON**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100

Beatrice M. Peck
**TOMSIC & PECK**
136 East South Temple – Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-1995
*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

---

| | |
|---|---|
| MARY K. BECKER, individually, and as the guardian of DAVID H. BECKER,<br><br>     Plaintiff,<br>vs.<br><br>JASON BATEMAN, in an individual and official capacity, EDWARD L. RHOADES, in an official capacity, and HEBER CITY CORPORATION,<br><br>     Defendants. | **COMPLAINT**<br>**AND**<br>**JURY DEMAND**<br><br>Judge Paul G. Cassell<br>DECK TYPE: Civil<br>DATE STAMP: 05/10/2007 @ 15:57:38<br>CASE NUMBER:  2:07CV00311  PGC |

Plaintiff, by and through their counsel, hereby complains of defendants and alleges as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Mary K. Becker ("Mrs. Becker") is a resident of Heber City, Utah.

2.      Mrs. Becker is the wife of David H. Becker ("Mr. Becker") and has been duly appointed guardian of Mr. Becker, who is also a resident of Heber City, Utah.

3.      At all times relevant hereto, defendant Jason Bateman ("Bateman") was a resident of Wasatch County, Utah and an employee of the Heber City Police Department and was acting as an officer of the Heber City Police Department.

4.      At all times relevant hereto, defendant Edward L. Rhoades ("Rhoades") was a resident of Wasatch County, Utah and an employee of the Heber City Police Department and was acting as Chief of Police of the Heber City Police Department.

5.      At all times relevant hereto, defendant Heber City Corporation ("Heber City") was a political subdivision of the State of Utah, as defined by U.C.A. § 63-30d-102(4)(a)(7), which employed defendants Bateman and Rhoades through the Heber City Police Department.

6.      This action is brought for damages and other appropriate relief under 42. U.S.C.A. § 1983 for violation of Mr. Becker's federal civil rights by the defendants, whose actions were taken under color of state law.

7.      Jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1343(a)(3), and 28 U.S.C.A. § 1367(a).

8.      Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391(b).

## GENERAL ALLEGATIONS

9.     On May 14, 2005, Mr. Becker was driving a vehicle through the parking lot of the
Days Market, which is located in Heber City, Utah.

10.    As Mr. Becker was driving through the parking lot, defendant Bateman initiated a
traffic stop of the vehicle that Mr. Becker was driving on the ground that the
windshield of the vehicle was cracked.

11.    Defendant Bateman asked Mr. Becker for his name as well as his registration and
proof of insurance.  While Mr. Becker was attempting to comply with the request,
defendant Bateman ordered Mr. Becker out of the vehicle.

12.    After exiting the vehicle, Mr. Becker repeatedly asked why he had been stopped.
Defendant Bateman answered that it was because of the cracked windshield.

13.    Defendant Bateman asked Mr. Becker if he had been drinking, and Mr. Becker did
not answer.

14.    Afterward, defendant Bateman asked Mr. Becker to perform the Horizontal Gaze
Nystagmus Test.  However, Mr. Becker was unable to perform the test as he only
had one contact in.

15.    Defendant Bateman then asked Mr. Becker to walk to a certain point and perform
another test.  However, Mr. Becker stayed neared the vehicle.

16.    Defendant Bateman then approached Mr. Becker and turned him so that he was
facing the car, and, without warning, defendant Bateman grabbed Mr. Becker's
right hand and twisted it back.

3

17. In a non-aggressive and non-threatening manner, Mr. Becker attempted to prevent himself from being placed in this position.

18. Defendant Batemen then pushed Mr. Becker to the back of the vehicle, and kept him facing the trunk of the vehicle.

19. Then, defendant Bateman put his left leg behind Mr. Becker, grabbed him, and slammed Mr. Becker down to the ground.

20. As a result of defendant Bateman's actions, Mr. Becker's head struck the pavement, he lost consciousness, and he suffered severe, life-altering injuries.

21. At no time during this exchange, did Mr. Becker pose an immediate threat to defendant Bateman or anyone else.

22. As a result of his injuries, Mr. Becker is permanently and totally disabled.  He has suffered, and will continue to suffer economic damages including, without limitation, past and future medical and care expenses, loss of wages, loss of earning capacity, and loss of the ability to provide household services.

23. As a result of his injuries, Mr. Becker has suffered general damages resulting from physical and emotional pain and suffering, and loss of the enjoyment of life.

24. Mr. Becker has also suffered a denial of his constitutional rights.

## FIRST CLAIM FOR RELIEF
(Defendant Bateman – Violation of 42 U.S.C.A. § 1983)

25. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.    At all times relevant hereto, defendant Bateman acted under color of state law, ordinance, custom, practice, and/or usage, and within the scope of his employment by defendant Heber City.

27.    In attempting to arrest and detain Mr. Becker, defendant Bateman used excessive force that was not reasonable under the circumstances.

28.    Defendant Bateman's unreasonable, excessive and unnecessary force violated Mr. Becker's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and/or Mr. Becker's due process rights under the Fourteenth Amendment to the United States Constitution.

27.    Defendant Bateman's misconduct directly and proximately caused Mr. Becker's injuries.

28.    Pursuant to 42 U.S.C.A. § 1983, Mr. Becker is entitled to recover from and against defendant Bateman all damages sustained by him as a direct and proximate result of defendant Bateman's violation of Mr. Becker's constitutional rights, including, without limitation, the damages described herein.

## SECOND CLAIM FOR RELIEF
(Defendants Rhoades and Heber City – Violation of 42 U.S.C.A. § 1983)

29.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.    Upon information and belief, defendant Rhoades and/or defendant Heber City encouraged, developed, pursued, or permitted policies, practices, and customs, either formal or informal, which caused and permitted police officers to use

5

unreasonable and unnecessary force in apprehending people. Such conduct includes, but is not limited to, establishing a policy or practice of protecting police officers who violate the constitutional rights of individuals by failing to discipline, reprimand, teach, or discharge police officers.

31.     Upon information and belief, such conduct by defendant Rhoades and/or defendant Heber City permitted, encouraged, and caused defendant Bateman to act as described above with knowledge, understanding, or belief that his conduct would not cause him to be reprimanded, disciplined, or discharged.

32.     Upon information and belief, defendant Rhoades and/or defendant Heber City has knowingly and intentionally failed to adequately hire, retain, train, educate, monitor, and/or supervise, or has been deliberately indifferent, reckless, or grossly negligent in hiring, retaining, training, educating, monitoring, and/or supervising, its police officers, including, without limitation, defendant Bateman.

33.     The above-described misconduct by defendant Rhoades and/or Heber City caused Mr. Becker to be subjected to violations of constitutional rights under the Fourth and/or Fourteenth Amendment(s) to the United States Constitution, and has encouraged other police officers to engage in similar violation of constitutional rights.

34.     The above-described misconduct of defendant Rhoades and/or defendant Heber City, directly and proximately caused Mr. Becker's injuries.

6

35. Pursuant to 42 U.S.C.A. § 1983, Mr. Becker is entitled to recover from and against defendant Rhoades and/or Heber City all damages sustained by him as a direct and proximate result of defendant Rhoades' and/or defendant Heber City's violation of Mr. Becker's constitutional rights, including, without limitation, the damages described herein.

### THIRD CLAIM FOR RELIEF
(All Defendants – Loss of Consortium, U.C.A. § 30-2-11)

36. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. Mr. Becker sustained severe and permanently disabling injuries for which defendants, or any one of them, are liable.

38. As a result of Mr. Becker's injuries, Mrs. Becker has suffered a loss of consortium for which defendants, or any one of them, are also liable under U.C.A. § 30-2-11.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1. For special damages in an amount to be determined at trial;

2. For general damages in an amount to be determined at trial;

3. For an award of attorney's fees and costs incurred herein pursuant to 42 U.S.C.A. § 1988, or as otherwise provided by law; and

4. For such other and further relief as the Court deems proper, including, without limitation, pre- and post-judgment interest.

7

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury on all claims.

Dated this _09_ day of May, 2007.

EISENBERG, GILCHRIST & MORTON

Jeffrey D. Eisenberg
Steve Russell
Attorneys for Plaintiff

Plaintiff's Address:
340 South 100 West
Heber City, Utah 84032

8